1  Kimberly S. Oberrecht [C.S.B. No. 190794]
   Tiffany L. Steward [C.S.B. No. 279978]
2  **HORTON, OBERRECHT & KIRKPATRICK**
   101 W. Broadway, Suite 600
3  San Diego, California 92101
   (619) 232-1183 * (619) 696-5719 [facsimile]
4

5  Attorneys for Defendants AZTEC DAIRY (erroneously sued as DOE 1) and HEIN
   HETTINGA (erroneously sued herein as DOE 3)
6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN JOSE DIVISION**

11

12  LORENZO TRUJILLO,                   )   **CASE NO. 7:21-cv-9097**
                                        )
13            Plaintiff,                )   [Monterey County Superior Court
                                        )   Case No. 19CV004604]
14      vs.                             )
                                        )   **DEFENDANT AZTEC DAIRY'S**
15  UNION PACIFIC RAILROAD              )   **NOTICE OF REMOVAL TO**
    COMPANY; and DOES 1 TO 10,          )   **FEDERAL COURT**
16                                      )
              Defendants.               )
17  _____ )

18

19  **COMES NOW** Defendant Aztec Dairy ("Aztec"), by counsel, and pursuant to 28

20  U.S.C. §1332, 1441 and 1446, hereby gives notice of the removal of the above styled

21  matter from the Superior Court of the State of California for the County of Monterey

22  to the United States District Court for the Northern District of California.  As grounds

23  for this removal, Aztec states as follows:

24                        **I.  INTRODUCTION**

25       1.     On November 14, 2019, Plaintiff, LORENZO TRUJILLO ("Plaintiff"),

26  commenced a civil action against UNION PACIFIC RAILROAD COMPANY in the

27  Superior Court of the State of California for the County of Monterey, now pending as

28  Case No. 19CV004604 ("State Court Action"). A true and correct copy of the State

AZTEC DAIRY'S NOTICE OF REMOVAL TO FEDERAL COURT

Court Action file is attached hereto as Exhibit 1.  There has been no other process, pleadings, or order served on Aztec to date other than those contained in Exhibit 1.

2.  Aztec is a family owned and operated dairy farm located in Arizona at 591 N. Avenue 691/2 E, Dateland, Arizona 85333.  Declaration of Hein Hettinga attached hereto as Exhibit 2.

3.  Aztec is a partnership owned by Hein and Ellen Hettinga.  (Exhibit 2)

4.  Hein and Ellen Hettinga's legal address is 2705 W. American Blvd, Muleshoe, Texas, 79347. (Exhibit 2)

5.  Process of Service of Aztec was allegedly completed by serving an address in California for a different dairy farm. Declaration of Tiffany L. Steward attached hereto as Exhibit 3.

6.  Plaintiff's Complaint asserts a single cause of action for General Negligence arising from a motor vehicle accident. (Exhibit 3)

7.  Plaintiff was reportedly crossing the Union Pacific Rail Road train track in or near Dateland, Arizona when Plaintiff's truck was struck by a train. (Exhibit 3)

8.  Plaintiff claims to have sustained bodily injury as a result of the accident and was airlifted to Abrazo West Campus in Goodyear, Arizona for emergency treatment.  (Exhibit 3)

9.  Plaintiff seeks damages from Defendants for:

a) Wage Loss

b) Hospital and medical expenses

c) General Damage

d) Loss of Earning Capacity

e) Costs and prejudgment interest (Exhibit 3)

10.  This Court has original jurisdiction based on diversity of citizenship and the amount in controversy under 28 U.S.C. § 1332, and thus, this State Court Action is removable under 28 U.S.C. § 1441(a). (Exhibit 3)

///

AZTEC DAIRY'S NOTICE OF REMOVAL TO FEDERAL COURT

## II.  PROCEDURAL REQUIRES FOR REMOVAL HAVE BEEN MET

### A.  This Case is Properly Removable

11.    The present action is properly removable under 28 U.S.C. §1441, which provides in pertinent part:

> Except as otherwise expressly provided by the Act of Congress, [1] any civil action brought in a state court of which the district courts of the United States have original jurisdiction, [2] may be removed by the defendant or defendants, to the District Court of the United States for the district or division embracing the place where such action is pending... 28 U.S.C. §1441(a)

12.    This Court has original jurisdiction of this case pursuant to 28 U.S.C. §1332(a), as amended, which provides, in pertinent part, as follows:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between -
>
> (1) citizens of different States...

13.    Additionally, the United States District Court for the Northern District of California, San Jose, is the district and division embracing the location of the state court which this suit is currently pending. (Exhibit 3)

### B.    This Removal is Timely

14.    Aztec, an Arizona partnership, has not been served with Process of Service at the location of the business or the residence of its members. (Exhibit 3)

15.    Since Aztec is removing this case within thirty days from the date it first received a copy of the Summons and Complaint, the initial pleading in this action, and no further proceeding as to Aztec has been taken herein, Aztec's *Notice of Removal* is timely. (Exhibit 3)

### III. DIVERSITY JURISDICTION EXISTS

**A.      Citizenship of the Parties**

16.     This is an action between citizens of different states. A natural person is a citizen of the state in which he has  his domicile, *i.e.*, a permanent home where he intends to remain or to which he intends to return. *See Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164 (1915); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).  "It is assumed … that a person's current residence is also his domicile." *Chism v. FCA US, LLC,* No. CV-19-9082, 2020 WL 777300, *2 (C.D. Cal. Feb. 18, 2020); *Tanner v. Ford Motor Co.*, 424 F.Supp.3d 666, 673 (N.D. Cal. 2019) ("longstanding precedent … presumes that a person's current residence is also his domicile"). "Citizenship and domicile are synonymous for purposes of § 1332." *Nickelsen v. The Bank of New York Mellon,* No. 2:14-CV-05827, 2014 WL 12603503, at *2 (C.D. Cal. Sep. 23, 2014).  (Exhibit 3)

17.     Plaintiff claims to be a resident of Monterey County, California and has filed this civil action in Monterey County based on that representation.  Therefore, Plaintiff is presumed to be a citizen of California for the purposes of diversity jurisdiction. (Exhibit 3)

18.     Defendant Hein Hettinga is a resident of Texas.  Therefore, Defendant Hein Hettinga is presumed to be a citizen of Texas for the purposes of diversity jurisdiction.  (Exhibit 2)

19.     A corporation's citizenship is based on its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1). (Exhibit 3)

20.     Union Pacific Railroad Company is incorporated in the state of Delaware and it principal place of business in Omaha, Nebraska.  Union Pacific Railroad Company's states of citizen are Delaware and Nebraska for the purposes of diversity jurisdiction. (Exhibit 3)

21.     For unincorporated entities, diversity jurisdiction in a suit by or against such an entity depends on the citizenship of all its members. *Americold Realty Trust*

*v. Conagra Foods, Inc.,* 577 U.S. 378, 381 (2016).  Members for the purposes of a partnership are its partners. *Id.* (Exhibit 3)

22.  Aztec Dairy is a partnership owned by Hein and Ellen Hettinga.  Hein and Ellen Hettinga are residents of Texas.  Aztec Dairy's citizenship for the purposes of diversity jurisdiction is Texas. (Exhibit 2)

**B.   The Amount-in-Controversy Requirement is Satisfied**

23.  The amount in controversy is determined as of the date of removal. *Scalzo v. Allied Prop. & Cas. Ins. Co.*, No. 1:11-CV-00612, 2011 WL 2709001, at *4 (E.D. Cal. July 11, 2011). The amount in controversy is determined by the amount demanded, not what will ultimately be recovered.  *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-290 (1938). "[T]he question is not how much [p]laintiff . . . will ultimately recover; the amount in controversy is calculated based upon the amount put into controversy by the complaint." *Olvera v. Quest Diagnostics,* No. 2:19-CV-06157, 2019 WL 6492246, *3 (C.D. Cal. Dec. 2, 2019). (Exhibit 3)

24.  In addressing the amount in controversy, Aztec does not concede the validity of Plaintiff's claims or attempt to predict what Plaintiff will recover. While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Meyer v. Fifth Third Bank,* No. CV-19-1803, 2019 WL 6320908, *2 (C.D. Cal. Nov. 26, 2019). (Exhibit 3)

25.  To support removal based on diversity jurisdiction, Aztec need only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 USC § 1446(c)(2)(B); *California Spine and Neurosurgery Institute v. Health Care Service Corporation,* No. CV-19-04506, 2019 WL 3219136, *1 (C.D. Cal. July 16, 2019). This may be done with summary judgment-type evidence. *Beltran v. ProCare Pharmacy, LLC,* No. 2:19-CV-08819, 2020 WL 748643, *1 (C.D. Cal. Feb. 14, 2020). (Exhibit 3)

26.     Plaintiff does not specify an exact amount of damages in the Complaint. However, the Complaint does identify that Plaintiff seeks compensation for past and future medical expenses.  Plaintiff has provided Defendants with a copy of a workers' compensation QME report drafted on April 15, 2019.  In the report, the examining doctor attest to the fact that Plaintiff was airlifted from the seen of the subject accident and hospitalized for 5 days.  After discharge, Plaintiff continued to receive medical treatment for ongoing complaints and was reporting constant neck pain and paresthesia at the time of the exam on March 19, 2019.  It is can be reasonably presumed that the past medical bills for initial emergency hospitalization and 2 years of ongoing medical treatment will exceed the $75,000 threshold. (Exhibit 3)

27.     Additionally, Plaintiff seeks compensation for past and future wage loss. (Exhibit 3)

28.     Although not all future damages are properly includable in the amount in controversy calculation, the Ninth Circuit has taken a decidedly liberal view of the amount in controversy, finding that the Court may consider future wages in its calculation. *Alvarez v. Interstate Hotels, LLC*, No. 2:18-07684, 2019 WL 77133, at *3 (C.D. Cal. Jan. 2, 2019) ("[."). (Exhibit 3)

29.     Specifically, it is not unreasonable to assume a person will work to age 65:

> Kone does, however, convincingly detail just what this recovery might look like. As to future wages, Huck is currently 52 years old. Assuming an age of retirement at 65, *see General Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 124 S.Ct. 1236, 157 L.Ed.2d 1094 (2004), Huck could potentially recover 13 years' worth of lost wages. Kone posits that, based on Huck's $115,000 base salary, he could stand to recover future losses in excess of $1,495,000.

*See Huck v. Kone, Inc.*, No. C-10-1845, 2011 WL 31108, at *4 (N.D. Cal. Jan. 5, 2011)

(denying motion to remand).

30.     Plaintiff had been employed as a truck driver for 12 years at the time of the subject incident.  The QME examiner is of the opinion that Plaintiff cannot return to work as truck driver.  Plaintiff was 49 years old at the time of the examination and presumably had 16 years of remaining work life as a truck driver.  While Plaintiff's salary as a truck driver is unknown, it is reasonable to assume that 16 years of future wage loss will exceed the threshold of $75,000. (Exhibit 3)

31.     As shown above, Plaintiff's claims satisfy the amount in controversy.

## IV.  <u>NO ADMISSION</u>

32.     Aztec does not concede in any way that the allegations in the Complaint are accurate, nor does Aztec concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

## V.  <u>ADOPTION AND RESERVATION OF DEFENSES</u>

33.     Nothing in this *Notice of Removal* shall be interpreted as a waiver or relinquishment of any of Aztec's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; (8) any other pertinent defense available under California or Fed.R.Civ.P. 12, any state or federal statute, or otherwise; or (9) arbitration.

34.     Aztec reserves the right to supplement this Notice of Removal by adding any jurisdiction defenses which may independently support a basis for removal.

///

///

WHEREFORE, Aztec Dairy prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the

Superior Court for the State of California, County of Monterey, to the United States District Court for the Northern District of California, San Jose Division.

Dated: November 23, 2021

**HORTON, OBERRECHT & KIRKPATRICK**

By: _____

Kimberly S. Oberrecht,
Tiffany L. Steward,
Attorneys for Defendants AZTEC DAIRY (erroneously sued as DOE 1) and HEIN HETTINGA (erroneously sued herein as DOE 3)