Exhibit 3

Kimberly S. Oberrecht [C.S.B. No. 190794]
Tiffany L. Steward [C.S.B. No. 279978]
**HORTON, OBERRECHT & KIRKPATRICK**

101 W. Broadway, Suite 600
San Diego, California 92101
(619) 232-1183 * (619) 696-5719 [facsimile]

Attorneys for Defendants AZTEC DAIRY (erroneously sued as DOE 1) and HEIN
HETTINGA (erroneously sued herein as DOE 3)

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

### NORTHERN DIVISION

| | |
|---|---|
| LORENZO TRUJILLO, | CASE NO. _____ |
| Plaintiff, | [Monterey County Superior Court Case No. 19CV004604] |
| vs. | **DECLARATION OF TIFFANY L. STEWARD IN SUPPORT OF NOTICE OF REMOVAL BY DEFENDANT AZTEC DAIRY** |
| UNION PACIFIC RAILROAD COMPANY; and DOES 1 TO 10, | |
| Defendants. | |

I TIFFANY L. STEWARD, declare:

1.      I am an adult, fully competent to testify, and I make this declaration on personal knowledge.

2.      I am an attorney licensed to practice law in California and in good standing.

3.      I am counsel for Defendants Aztec Dairy and Hein Hettinga.

4.      On November 14, 2019, Plaintiff, LORENZO TRUJILLO ("Plaintiff"), commenced a civil action against UNION PACIFIC RAILROAD COMPANY in the Superior Court of the State of California for the County of Monterey, now pending as Case No. 19CV004604 ("State Court Action"). (Compl. Ex. 1 to Notice of Removal).

Exhibit 1.

5.      Process of Service of Aztec was allegedly completed by serving an address in California for a different dairy farm.

6.      Plaintiff's Complaint asserts a single cause of action for General Negligence arising from a motor vehicle accident.

7.      Plaintiff was reportedly crossing the Union Pacific Rail Road train track in or near Dateland, Arizona when Plaintiff's truck was struck by a train.

8.      Plaintiff claims to have sustained bodily injury as a result of the accident and was airlifted to Abrazo West Campus in Goodyear, Arizona for emergency treatment.

9.      Plaintiff seeks damages from Defendants for:

        a) Wage Loss

        b) Hospital and medical expenses

        c) General Damage

        d) Loss of Earning Capacity

        e) Costs and prejudgment interest

10.     This Court has original jurisdiction based on diversity of citizenship and the amount in controversy under 28 U.S.C. § 1332, and thus, this State Court Action is removable under 28 U.S.C. § 1441(a).

11.     The United States District Court for the Northern District of California, San Jose, is the district and division embracing the location of the state court which this suit is currently pending.

12.     Aztec, an Arizona partnership, has not been served with Process of Service at the location of the business or the residence of its members.

13.     Since Aztec is removing this case within thirty days from the date it first received a copy of the Summons and Complaint, the initial pleading in this action, and no further proceeding as to Aztec has been taken herein, Aztec's *Notice of Removal* is timely.

---

14.     This is an action between citizens of different states. A natural person is a citizen of the state in which he has  his domicile, *i.e.*, a permanent home where he intends to remain or to which he intends to return. *See Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164 (1915); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001).  "It is assumed … that a person's current residence is also his domicile." *Chism v. FCA US, LLC,* No. CV-19-9082, 2020 WL 777300, *2 (C.D. Cal. Feb. 18, 2020); *Tanner v. Ford Motor Co.*, 424 F.Supp.3d 666, 673 (N.D. Cal. 2019) ("longstanding precedent … presumes that a person's current residence is also his domicile"). "Citizenship and domicile are synonymous for purposes of § 1332." *Nickelsen v. The Bank of New York Mellon,* No. 2:14-CV-05827, 2014 WL 12603503, at *2 (C.D. Cal. Sep. 23, 2014).

15.     Plaintiff claims to be a resident of Monterey County, California and has filed this civil action in Monterey County based on that representation.  Therefore, Plaintiff is presumed to be a citizen of California for the purposes of diversity jurisdiction.

16.     A corporation's citizenship is based on its state of incorporation and principal place of business. 28 U.S.C. § 1332(c)(1).

17.     Union Pacific Railroad Company is incorporated in the state of Delaware and it principal place of business in Omaha, Nebraska.  Union Pacific Railroad Company's states of citizen are Delaware and Nebraska for the purposes of diversity jurisdiction.

18.     For unincorporated entities, diversity jurisdiction in a suit by or against such an entity depends on the citizenship of all its members.  *Americold Realty Trust v. Conagra Foods, Inc.,* 577 U.S. 378, 381 (2016).  Members for the purposes of a partnership are its partners. *Id.*

19.     The amount in controversy is determined as of the date of removal. *Scalzo v. Allied Prop. & Cas. Ins. Co.*, No. 1:11-CV-00612, 2011 WL 2709001, at *4 (E.D. Cal. July 11, 2011). The amount in controversy is determined by the amount

demanded, not what will ultimately be recovered. *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289-290 (1938). "[T]he question is not how much [p]laintiff . . . will ultimately recover; the amount in controversy is calculated based upon the amount put into controversy by the complaint." *Olvera v. Quest Diagnostics,* No. 2:19-CV-06157, 2019 WL 6492246, *3 (C.D. Cal. Dec. 2, 2019).

20.     In addressing the amount in controversy, Aztec does not concede the validity of Plaintiff's claims or attempt to predict what Plaintiff will recover. While the defendant must "set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and prove the plaintiff's claims for damages." *Meyer v. Fifth Third Bank,* No. CV-19-1803, 2019 WL 6320908, *2 (C.D. Cal. Nov. 26, 2019).

21.     To support removal based on diversity jurisdiction, Aztec need only prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See* 28 USC § 1446(c)(2)(B); *California Spine and Neurosurgery Institute v. Health Care Service Corporation,* No. CV-19-04506, 2019 WL 3219136, *1 (C.D. Cal. July 16, 2019). This may be done with summary judgment-type evidence. *Beltran v. ProCare Pharmacy, LLC*, No. 2:19-CV-08819, 2020 WL 748643, *1 (C.D. Cal. Feb. 14, 2020).

22.     Plaintiff does not specify an exact amount of damages in the Complaint. However, the Complaint does identify that Plaintiff seeks compensation for past and future medical expenses.  Plaintiff has provided Defendants with a copy of a workers' compensation QME report drafted on April 15, 2019.  In the report, the examining doctor attest to the fact that Plaintiff was airlifted from the seen of the subject accident and hospitalized for 5 days.  After discharge, Plaintiff continued to receive medical treatment for ongoing complaints and was reporting constant neck pain and paresthesia at the time of the exam on March 19, 2019.  It is can be reasonably presumed that the past medical bills for initial emergency hospitalization and 2 years of ongoing medical

treatment will exceed the $75,000 threshold.

23.    Additionally, Plaintiff seeks compensation for past and future wage loss.

24.    Although not all future damages are properly includable in the amount in controversy calculation, the Ninth Circuit has taken a decidedly liberal view of the amount in controversy, finding that the Court may consider future wages in its calculation. *Alvarez v. Interstate Hotels, LLC*, No. 2:18-07684, 2019 WL 77133, at *3 (C.D. Cal. Jan. 2, 2019) ("[.").

25.    Plaintiff had been employed as a truck driver for 12 years at the time of the subject incident.  The QME examiner is of the opinion that Plaintiff cannot return to work as truck driver.  Plaintiff was 49 years old at the time of the examination and presumably had 16 years of remaining work life as a truck driver.  While Plaintiff's salary as a truck driver is unknown, it is reasonable to assume that 16 years of future wage loss will exceed the threshold of $75,000.

26.    Assuming that Plaintiff recovers the compensatory damages he seeks, it is inevitable that these amounts will exceed $75,000, and thus the amount in controversy requirement for diversity jurisdiction is met. 28 U.S.C. §1332

**FURTHER YOUR AFFIANT SAYETH NAUGHT.**

**I AFFIRM UNDER PENALTIES FOR PERJURY THAT THE FOREGOING IS TRUE TO THE BEST OF MY KNOWLEDGE.**

Date: November  23   , 2021

_____

TIFFANY L. STEWARD, ESQ.